**UNITED STATES, Appellee,**

v.

**Captain Harold N. CLARK, SSN 204–38–9554, United States Army, Appellant.**

**CM 442107.**

U. S. Army Court of Military Review.

31 Jan. 1983.

Major Raymond C. Ruppert, JAGC, Major Joyce E. Plaut, JAGC, and Captain Thomas R. Peppler, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Captain Kenneth H. Clevenger, JAGC, Captain Thomas E. Booth, JAGC, and Captain Gary L. Hoffman, JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

In accordance with his pleas, the appellant was found guilty of failing to obey an order to report to a Colonel Ammons on 14 July 1981 (Specification 1 of Charge I), failure to obey an order to report to a Captain Dille on 17 August 1981 (Specification 2 of Charge I), and failure to go to a physical training formation at the time prescribed (Charge II and its specification), in violation of Articles 92 and 86, Uniform Code of

Military Justice, 10 U.S.C. §§ 892 and 886 (1976). He was also charged with desertion in violation of Article 85, Uniform Code of Military Justice, 10 U.S.C. § 885 (1976) (Charge III and its specification). He pleaded guilty to absence without leave in violation of Article 86, but was found guilty of desertion as charged. In addition, the four offenses charged under Articles 85, 86 and 92 were also charged as conduct unbecoming an officer in violation of Article 133, Uniform Code of Military Justice, 10 U.S.C. § 933 (1976) (Charge IV and its specifications). The appellant was sentenced to a dismissal, total forfeitures and confinement at hard labor for one year.

■ During the plea inquiry regarding Specification 1 of Charge I and Specification 1 of Charge IV, both alleging that on 14 July 1981 the appellant failed to obey an order issued by Colonel Ammons "to report to him after training," the appellant stated that he called Colonel Ammons and explained that he was busy studying for an important examination, after which Colonel Ammons told him to "Come to see him when I got my head screwed on straight." The appellant's statements amount to an assertion that Colonel Ammons revoked the order. However, the military judge did not inquire further into this apparent inconsistency with the plea of guilty. We find the appellant's statements in substantial conflict with his plea of guilty. *See United States v. Presley,* 18 U.S.C.M.A. 474, 40 C.M.R. 186 (1969); *United States v. Ewing,* 13 C.M.R. 715 (A.F.B.R.1953). Therefore, we must set aside the findings of guilty of Specification 1 of Charge I and Specification 1 of Charge IV.

■ The appellant's failure to obey the order to report to Captain Dille (Specification 2 of Charge I and Specification 2 of Charge IV), was correctly treated by the parties to the trial as tantamount to a failure to repair, generally regarded as a minor dereliction. Article 133 is reserved for serious delicts of officers and "should not be demeaned by using it to charge minor delinquencies. . . ." *United States v. Wolfson,* 36 C.M.R. 722, 731 (A.B.R.1966); *see Digest*

*of Opinions of the Judge Advocates General of the Army* 140 (1912); *see also* Tillotson, *The Articles of War Annotated* 202 (1942). Therefore, we will set aside the finding of guilty of Specification 2 of Charge IV.

■ The Article 133 offense based upon the appellant's failure to go to the physical training formation at the time prescribed likewise must be set aside as a minor dereliction. The plea inquiry reveals that the appellant arrived approximately fifteen minutes late for the formation. Tardiness for formation also falls into the category of a minor dereliction. Therefore, we will set aside the conviction of Specification 3 of Charge IV. *United States v. Wolfson, supra.*

■ The appellant's desertion (Specification 4 of Charge IV) clearly is not a minor dereliction. However, that does not end the inquiry. There is authority for the proposition that offenses which are purely military, even though serious, ordinarily should not be charged as conduct unbecoming an officer. *See* Winthrop, *Military Law and Precedents* 719 (2d ed., 1920 reprint). Winthrop cites desertion as one of the strictly military offenses which should not be charged as conduct unbecoming an officer. Winthrop apparently believed that, while desertion seriously compromised the offender as an officer, it did not necessarily compromise him as a gentleman to the extent contemplated by the Articles of War, which predated Article 133. *Id.* However, Winthrop's opinion regarding the seriousness of the conduct contemplated by the offense of conduct unbecoming an officer was based in part on the fact that under the Articles of War, conduct unbecoming an officer carried a mandatory sentence of dismissal. The provision for mandatory dismissal was eliminated in 1950 when the Uniform Code of Military Justice was enacted. *Compare* Article of War 95, the Act of June 4, 1920, Article 95, 41 Stat. 787, *with* Article 133, Uniform Code of Military Justice, 10 U.S.C. § 933 (1976). Subsequent to 1950, military courts have affirmed convictions for serious but purely military offenses as violations of Article 133. *See, e.g., United States v.*

*Howe,* 17 U.S.C.M.A. 165, 37 C.M.R. 429 (1967) (officer using contemptuous words toward the President, also charged as violation of Article 88, 10 U.S.C. § 888); *United States v. Carter,* 20 C.M.R. 501 (N.B.R.1955) (disrespect to a superior officer). We are satisfied that the appellant's desertion compromised the appellant as both an officer and a gentleman and constituted a violation of Article 133.

█ However, the appellant contends that charging the same act as a violation of Article 133 and another specific article is multiplicious for findings. We disagree. The permissibility of charging the same act as a violation of Article 133 as well as another punitive article has been taken for granted for many years. *See Parker v. Levy,* 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974); *United States v. Howe, supra; United States v. Gunnels,* 21 C.M.R. 925 (A.F.B.R.1956); *United States v. Smith,* 10 C.M.R. 595 (A.F.B.R.), *pet. denied,* 3 U.S.C. M.A. 820, 11 C.M.R. 248 (C.M.A.1953); *United States v. Tuck,* 7 C.M.R. 829 (A.F.B. R.1953); *United States v. Yamat,* 8 C.M.R. 356 (A.B.R.1952); *United States v. Cole,* 5 C.M.R. 703 (A.F.B.R.1952); *United States v. Blount,* 5 C.M.R. 297 (A.B.R.1952); *United States v. Bell,* 3 C.M.R. 819 (A.F.B.R.1952); *United States v. Coons,* 7 C.M.R. 381 (A.B. R.1952), *pet. denied,* 2 U.S.C.M.A. 674, 8 C.M.R. 178 (C.M.A.1953); *United States v. Krull,* 8 C.M.R. 395 (A.B.R.1952), *aff'd,* 3 U.S.C.M.A. 129, 11 C.M.R. 129 (C.M.A.1953). We are reluctant to further add to the confusion which presently exists in the area of multiplicity by overruling these precedents, especially when it is clear that there has been no prejudice as to sentence. *See* Article 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a) (1976). Accordingly, we find the assignment of error without merit.

Since it was abundantly clear that the conduct charged under Article 133 duplicated the conduct charged under Articles 85, 86 and 92, and was treated by the military judge as multiplicious for sentencing, we are satisfied that no sentence relief is warranted by our action with respect to Specifi-cations 1, 2 and 3 of Charge IV. Furthermore, we are satisfied that the relatively minor offense alleged in Specification 1 of Charge I had a negligible impact on the sentence.

The findings of guilty of Specification 1 of Charge I, and Specifications 1, 2 and 3 of Charge IV are set aside and those specifications are dismissed. The remaining findings of guilty and the sentence are affirmed.

Senior Judge O'DONNELL and Judge WERNER concur.