**UNITED STATES, Appellee,**

v.

**Second Lieutenant Brian F. SHEEHAN, SSN 354–52–3188, United States Army, Appellant.**

**CM 442324.**

U. S. Army Court of Military Review.

16 Feb. 1983.

Colonel William G. Eckhardt, JAGC, Major Robert C. Rhodes, JAGC, and Captain Vivian B. Wiesner, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Patrick M. Flachs, JAGC, and Captain Paul E. Jordan, JAGC, were on the pleadings for appellee.

Before MELNICK, McKAY and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

Appellant was convicted of unauthorized absence, dereliction of duty, and making a false official statement and of three specifications of conduct unbecoming an officer (identical to the allegations of the substantive offenses), in violation of Articles 86, 92, 107 and 133, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 907 and 933 (1976) (hereinafter UCMJ), respectively. The trial judge held that the Article 133 offenses and the respective substantive offenses were multiplicious for sentencing purposes. The adjudged sentence of dismissal and total forfeitures was approved by the convening authority.

The factual basis for the charges against appellant briefly summarized is as follows:

On 19 January 1982 appellant reported to his company commander, Captain (CPT) Daly, who caused appellant to be weighed. Because he found appellant to be three to four pounds overweight for his height according to current Army standards, CPT Daly directed appellant to report to the local health clinic to obtain a medical evaluation relative to the company's weight control program. Appellant's willful failure to report for evaluation within the time directed by his commander, *i.e.*, before 1 February 1982, formed the basis of the dereliction of duty specifications under Charge I, Article 92, and Charge IV, Article 133.

In an unrelated incident on 22 February 1982 appellant lied to his supervisor, Captain (CPT) Hiler, when securing permission to be absent from his duties. Appellant desired time off from work during the afternoon hours of the 22nd to take care of personal matters, but told CPT Hiler that he needed the time to visit the health clinic. Appellant's deliberate false statement to CPT Hiler formed the basis of the false official statement specifications under Charge III, Article 107, and Charge IV, Article 133.

Appellant did not report for duty at 0730 hours 23 February 1982 and did not return to duty until 0730 hours 26 February 1982. His absence from 23 February to 26 February 1982 formed the basis of the unauthorized absence specifications under Charge III, Article 86 and Charge IV, Article 133.

Appellant assigns three errors that merit discussion. First he asserts that the conduct underlying Charges I and II, dereliction of duty and making a false official statement, does not constitute conduct unbecoming an officer and a gentleman. Second, he contends that his plea to Charge IV was improvident because the trial judge failed to explain the concept, "conduct unbecoming an officer and a gentleman" during the *Care*[1] inquiry. Third, he asserts that Charges I, II and III are multiplicious for findings with the corresponding specifications under Charge IV. We address each in turn.

## I

■  The misconduct contemplated by Article 133 is:

[A]ction or behavior in an official capacity which, in dishonoring or disgracing the individual as an officer, seriously compromises his character as a gentleman, or action or behavior in an unofficial or private capacity which, in dishonoring or disgracing the individual personally, seriously compromises his standing as an officer. Paragraph 212, Manual for Courts-Martial, United States, 1969 (Revised edition).

The misconduct must compromise both the individual's character as a gentleman and his standing as an officer. *See United States v. Lockstrom,* 48 C.M.R. 202 (A.C.M.R.1974). As Colonel Winthrop noted:

To constitute therefore the conduct here denounced, the act which forms the basis of the charge must have a *double significance and effect.* Though it need not amount to a crime, it must offend so seriously against law, justice, morality or decorum as to expose to disgrace, socially or as a man, the offender, and at the same time must be of such a nature or committed under such circumstances as to bring dishonor or disrepute upon the military profession which he represents. W. Winthrop, *Military Law and Precedents,* 711–12 (2d ed. 1920 reprint). (emphasis added).

■  The appropriate standard for assessing criminality under Article 133 is not whether the accused's conduct deviates from the moral attributes common to the ideal officer and perfect gentleman. Paragraph 212, Manual for Courts-Martial, United States, 1969 (Revised edition). "Every deviation from the high standard of conduct required of an officer does not constitute conduct unbecoming an officer and a gentleman." *United States v. Wolfson,* 36 C.M.R. 722, 730 (A.B.R.1966). The deviation must be such as to seriously compromise the accused's standing in both respects. *United States v. Giordano,* 15 U.S.C.M.A. 163, 167–69, 35 C.M.R. 135, 139–41 (1964); *United States v. Wolfson, supra.*

■  We agree with appellant that his failure to meet a suspense date in performing a duty required of him under the circumstances does not constitute an offense under Article 133. Appellant's willful dereliction of duty clearly tended to diminish his standing as an officer. This misconduct, however, did not impugn his honor or integrity, nor did it subject him to social disgrace. In this instance his deviation from the norm was not of the seriously compromising nature contemplated by conduct un-

1.  *United States v. Care,* 18 U.S.C.M.A. 535, 40     C.M.R. 247 (1969).

becoming an officer and a gentleman. *See United States v. Clark,* 15 M.J. 594 (A.C. M.R. 1983), *United States v. Wolfson, supra. See also United States v. Lockstrom, supra.*

■ Appellant's intentional deception of his supervisor compels the opposite conclusion. Intentional deceit epitomizes individual dishonor both in a military and in a civilian context. Lying to his superior on an official matter completely compromised appellant's standing both as an officer and as a gentleman. *United States v. Daggett,* 11 U.S.C.M.A. 681, 29 C.M.R. 497 (1960); *United States v. Gomes,* 3 U.S.C.M.A. 232, 11 C.M.R. 232 (1953); *United States v. Lindsay,* 11 M.J. 550 (A.C.M.R.1981).

■ Our review under Article 66, UCMJ, 10 U.S.C. § 866, requires that we also consider the criminality under Article 133 of the simple two day AWOL committed by appellant. However inappropriate we consider such conduct, an unauthorized absence from administrative duties during peacetime without more does not render an officer morally unbefitting and unworthy. *See* Winthrop, *supra* at 711. Appellant was not so seriously compromised as an individual or in his office that his absence constituted conduct unbecoming an officer and a gentleman. *See United States v. Clark, supra, United States v. Wolfson, supra.*

Accordingly, we will dismiss Specifications 1 and 3 of Charge IV.

## II

In his second assigned error appellant urges this Court to find his plea to Charge IV improvident because the trial judge did not define 'conduct unbecoming an officer and a gentleman.' Citing *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), appellant specifically contends that he could not providently plead guilty to the Article 133 offenses[2] without an explana-

tion that unbecoming conduct is behavior which is not merely inappropriate or unsuitable . . . but morally unbefitting and unworthy.[3]

■ In the process of accepting a plea of guilty, a military judge is not required to instruct an accused as he would be required to instruct a court-martial in the case of a not guilty plea. *United States v. Clarke,* 13 M.J. 566 (A.C.M.R.1982). Rather, *United States v. Care, supra,* requires that the factual predicate for an accused's guilty plea be established by the military judge and clearly reflected in the record of trial. *United States v. Crouch,* 11 M.J. 128 (C.M.A.1981).

> We deal in these cases, not with the explanation of law that must be given to the triers of fact together with instructing them that conviction requires establishment of each element beyond a reasonable doubt. Instead, we deal with assuring that an accused person who already has consulted with counsel and decided upon a plea of guilty, understands the offense he is admitting and assuring that there is a basis in fact for his belief that he is guilty. *United States v. Clarke, supra* at 568.

■ We hold that the factual predicate of appellant's plea to Specification 2, Charge IV (intentional deception) was adequately established during the trial judge's inquiry.

## III

■ Appellant next contends that where he has been found guilty of both offenses, we must dismiss the substantive offense which forms the basis of the charge under Article 133, UCMJ. We disagree.

The propriety of charging the same act as conduct unbecoming an officer and a gentleman and as a violation of some other punitive article has long been established.

---

**2.** We need only consider this error in regard to the one remaining specification under Charge IV.

**3.** Paragraph 4–122, Department of Army Pamphlet 27–9 (DA Pam), *Military Judge's*

*Guide* (1969). The current suggested instruction differs only slightly. *See* paragraph 3–122, DA Pam 27–9, *Military Judge's Benchbook* (1982).

*United States v. Gunnels,* 21 C.M.R. 925 (A.F.B.R.1956), *rev'd on other grounds,* 8 U.S.C.M.A. 130, 23 C.M.R. 354 (1957); *United States v. McGlone,* 18 C.M.R. 525 (A.F.B.R.1954); *United States v. Smith,* 10 C.M.R. 595 (AFBR), *pet. denied,* 3 U.S.C.M.A. 248, 11 C.M.R. 248 (1953); *United States v. Loney,* 8 C.M.R. 533 (A.B.R.1952), *pet. denied,* 2 U.S.C.M.A. 378, 8 C.M.R. 178 (1953); *United States v. Krull,* 8 C.M.R. 395 (A.B.R. 1952), *aff'd,* 3 U.S.C.M.A. 129, 11 C.M.R. 129 (1953); *United States v. Yamat,* 8 C.M.R. 356 (A.B.R.1952); *United States v. Tuck,* 7 C.M.R. 829 (A.F.B.R.1953); *United States v. Coons,* 7 C.M.R. 381 (A.B.R.1952), *pet. denied,* 2 U.S.C.M.A. 378, 8 C.M.R. 178 (1953); *United States v. Cole,* 5 C.M.R. 703 (A.F.B.R.1952); *United States v. Blount,* 5 C.M.R. 297 (A.B.R.1952); *United States v. Lee,* 4 C.M.R. 185 (A.B.R.), *pet. denied,* 1 U.S.C.M.A. 581, 4 C.M.R. 173 (1952); *United States v. Bell,* 3 C.M.R. 819 (A.F.B.R.1952). *See* Winthrop, *supra* at 148–49. *See also* paragraph 212, Manual for Courts-Martial, United States, 1969 (Revised edition).

The substantive violation and the "conduct unbecoming an officer and a gentleman" are separate offenses. *Carter v. McClaughry,* 183 U.S. 365, 395, 22 S.Ct. 181, 193, 46 L.Ed. 236 (1902). Prosecution and conviction of both offenses does not subject an accused to double jeopardy. *Id.* Whatever *United States v. Baker,* 14 M.J. 361 (C.M.A.1983), *United States v. Leader,* 13 M.J. 36 (C.M.A.1982), and *United States v. Gibson,* 11 M.J. 435 (C.M.A.1981), mean in the context of Article 133, we are not inclined to overrule long established precedent absent a clear requirement to do so. *Cf. United States v. Clark, supra.*

The findings of guilty of Specifications 1 and 3 of Charge IV are set aside and the specifications are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, we affirm the sentence.

UNITED STATES, Appellee,