PER CURIAM:
Appellant was tried by general court-martial on 29 November 1983 for violations of Articles 92, 133, and 134 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 933, 934. He was found guilty of failing to report the offenses of possession of illegal drugs and an offer to supply drugs in violation of U.S. Navy Regulations, conduct unbecoming an officer by smoking marijuana with enlisted personnel, and use of marijuana. Appellant was sentenced to total forfeitures of all pay and allowances and to be dismissed from the naval service. The convening authority approved only the dismissal from the naval service.
Appellant has raised a number of issues in his assignments of error and in his Goode response. We find merit in several of the assignments of error and will address them briefly.
Appellant contends, and we agree, that his conviction of failing to report an offense should be set aside. An examination of the facts surrounding this alleged offense is necessary to understand the context in which the alleged offense arose.
As the result of information provided to the Naval Investigative Service at Camp Pendleton, California by HN R.L. Lehman as to alleged illicit drug use by appellant with him and others, HN Lehman surreptitiously taped a conversation between appellant and himself. The tape was of very poor quality, but a transcript of the tape was presented to members for their use. That transcript is substantially as follows:
NEGRON: How ya doing? Come on in.
LEHMAN: Good book — the senior guy, Dr. Zollinger, was a fraternity brother of my father’s.
NEGRON: Ya, Ya, Zollinger is the man who made all of this (inaudible). So what happened?
LEHMAN: I went up to Mission Viejo yesterday.
NEGRON: Uh huh.
LEHMAN: Picked up some coke and some smoke.
NEGRON: Oh. I’m trying to, you know, because I got the test about one month ago, so, I don’t know, I have to, you know. So how you been?
LEHMAN: Good.
NEGRON: What is this?
LEHMAN: It just some patient’s record. She’s coming in to see us.
NEGRON: Oh.
LEHMAN: Yeah, you know this is really good stuff. Did they get you last time?
NEGRON: What?
LEHMAN: Did they get you last time?
NEGRON: No, what?
LEHMAN: The last p-test?
NEGRON: No. I came up negative for everything.
LEHMAN: Yeah.
NEGRON: I don’t care, it’s better for everybody.
At trial HN Lehman testified that he indicated to appellant that he had the drugs in his possession and offered to supply them to appellant. However, as reflected above, that part of the conversation was not on the transcript of the tape provided *485 to the members. Article 1139, Navy Regulations, 26 February 1973, requires that “Persons in the Department of the Navy shall report to proper authority offenses committed by persons in the Department of the Navy which come under their observation.” The government contends that, by telling appellant he had drugs in his possession and offering to sell them to appellant, HN Lehman had committed two offenses which appellant failed to report as he was required by Article 1139. No drugs were exhibited to appellant by HN Lehman, and the poor quality of the tape, as well as the appellant’s ambiguous reaction, leaves us only with HN Lehman’s testimony that he did offer to sell some of the drugs to appellant. Since he had no drugs in his possession and any offer to sell to appellant, if made by Lehman, was made strictly to obtain appellant’s reaction, we question whether the conduct of HN Lehman as a government operative could have in fact been considered offenses as contemplated by Article 1139, Navy Regulations. We decline to approve criminal penalties imposed on appellant based upon the vague, ambiguous, and flimsy conversation between HN Lehman and appellant, which leaves us unconvinced beyond a reasonable doubt that any reportable offenses occurred during that brief encounter in appellant’s office.
As a result of the recent Court of Military Appeals’ decisions in United States v. Rodriquez, 18 M.J. 363 (C.M.A.1984) and United States v. Timberlake, 18 M.J. 371 (C.M.A.1984), we have determined that Charge III and the specification thereunder is multiplicious for findings with Charge II and its specification.
At trial appellant questioned the composition of the court. This issue was hotly contested and litigated at length. Although finding no error, we will comment briefly on this issue. Appellant, a naval officer stationed at the Naval Regional Medical Center, Camp Pendleton, California, was tried by a court-martial composed completely of Marine Corps officers. At trial it was stipulated that there were 155 naval officers in pay grades 0-4, 5, 6 assigned to the appellant’s command. We will take judicial notice that Naval Base San Diego, with a large concentration of naval personnel (including many senior naval officers) is within an hour’s driving time of the situs of appellant’s trial. While the convening authority committed no error in assigning all marines (whom we consider members of the same armed force as appellant, as defined in Article 1, UCMJ, 10 U.S.C. § 801) to his court-martial, we find that, under the circumstances, such actions present an image of unfairness and an attitude of unnecessary inflexibility by the convening authority. We recommend in the future, when adequate numbers of naval officers are readily available, that means alternative to the outright “exclusion” policy used here be utilized.
In accordance with our discussion above, the findings of guilty as to Charge I and its specification and Charge III and its specification are set aside and dismissed. In view of our action as to the findings, we have reassessed the sentence. We find a dismissal still an appropriate sentence for appellant who was convicted of smoking marijuana with junior enlisted personnel over two one-month periods. Accordingly, the remaining findings of guilty and the sentence, as approved on review below are affirmed.