**UNITED STATES**

v.

**Charles B. PARKS, 383 64 5473, Seaman Recruit (E-1), U. S. Navy.**

**NCM 76 2425.**

U. S. Navy Court of Military Review.

10 March 1977.

LT Paul C. Hurdle, III, JAGC, USNR, Appellate Defense Counsel.

LT Michael C. Farrow, JAGC, USNR, Appellate Government Counsel.

Before NEWTON, CRANDELL and GLADIS, JJ.

GLADIS, Judge:

Contrary to his pleas appellant was convicted by a special court-martial with members of using disrespectful language to a superior petty officer and wrongfully and unlawfully, through design, jumping from a ship into the sea, in violation of Articles 91 and 134, UCMJ, 10 U.S.C. §§ 891, 934, and sentenced to a bad conduct discharge, confinement at hard labor for 3 months, and forfeiture of $240 per month for 2 months. He was acquitted of communicating a threat, in violation of Article 134, UCMJ. The supervisory authority disapproved the findings of guilty of disrespect because of instructional error and, after reassessment, approved the adjudged sentence.

Appellant has assigned seven errors for our consideration, but we deem it unnecessary to discuss all of these. Some are without merit and others are rendered moot by our disposition of the case. We find merit in appellant's contention that the approved sentence is illegal and shall reassess and modify the sentence.

Appellant asserts that the approved sentence which includes a bad conduct discharge and confinement at hard labor for 3 months is illegal because it exceeds the maximum imposable for appellant's offense. The offense of which appellant stands convicted is not listed in the Table of Maximum Punishments, MCM, 1969 (Rev.), par. 127c. MCM, 1969 (Rev.), which provides:

The punishment stated opposite each offense listed in the Table of Maximum

Punishments is hereby prescribed as the maximum punishment for that offense, and for any lesser included offense if the latter is not listed, and for any offense closely related to either if not listed. If an offense not listed in the table is included in an offense which is listed and is also closely related to some other listed offense, the lesser punishment prescribed for either the included or closely related offense will prevail as the maximum limit of punishment. However, if the offense is closely related to more than one listed offense, the maximum punishment for the most closely related offense shall be used in making this determination.

Offenses not listed in the table and not included within an offense listed, or not closely related to either, are punishable as authorized by the United States Code . . . or the Code of the District of Columbia. . . .

Appellant argues that the offense of wrongfully and unlawfully, through design, jumping from a ship into the sea is closely related to the offenses of unauthorized absence, dereliction of duty, escape from custody, malingering, and attempted intentional self-infliction of injury in violation of Articles 86, 92, 95, 115, and 80, UCMJ, and disorderly on board ship, committing a nuisance and straggling in violation of Article 134, UCMJ. He concludes that unauthorized absence for not more than 3 days, in violation of Article 86, is the most closely related offense and that the maximum legal penalty for appellant's crime is no more than confinement and forfeitures for 1 month. Appellate government counsel replies that appellant's offense is more closely related to improperly hazarding a vessel, in violation of Article 110, UCMJ. The Government's conclusion is based on the following language from *United States v. Sadinsky*, 14 U.S.C.M.A. 563, 34 C.M.R. 343 (1964):

> An intentional wrongful and unlawful jumping into the sea from the deck of a carrier, could not possibly have any result other than disruption of good order and discipline, not to mention the possibility of endangering the property and lives of others in rescue operations.

■ "Hazard" as used in Article 110, UCMJ, means to put in danger of loss or injury. MCM, 1969 (Rev.), par. 189.[1] Although disruption of good order and discipline coupled with the possibility of endangering property and lives of others in rescue operations is the gravamen of the offense of wrongfully and intentionally jumping into the sea from a ship underway, under ordinary circumstances maneuvering a ship in order to recover a man overboard does not put the ship in probable danger of loss or injury. Man overboard drills are common evolutions at sea. In the absence of a fair allegation in the specification that the ship itself was put in danger, improperly hazarding a vessel, a capital offense if willful, is not the offense listed in the Table of Maximum Punishments most closely related to wrongful and intentional jumping from a ship underway.

■ However, considering that the gist of appellant's offense is the disruption of good order and discipline and the possibility of danger engendered by it, we do not find that his offense is most closely related to unauthorized absence, dereliction of duty, disorderly conduct, or the other offenses enumerated by him. Having scrutinized the Table of Maximum Punishments, we conclude that appellant's offense is most closely related to the listed offense of breach of the peace in violation of Article 116. The acts contemplated by Article 116 are of a violent or turbulent nature and disturb the public tranquility or impinge upon the peace and good order to which the community is entitled. The words "community" and "public" include a ship. MCM, 1969 (Rev.), par. 195. *See generally, United States v. Hewson*, 13 U.S.C.M.A. 506, 33 C.M.R. 38 (1963). Deliberately and wrongfully jumping from a ship into the sea is a turbulent act which violates the peace and good order to which the shipboard community is entitled. Therefore, the maximum permissible punishment for the offense of

1. *Compare* Article 110, UCMJ, with Article 99, UCMJ, and 18 U.S.C. § 2196.

wrongfully and unlawfully, through design, jumping from a ship into the sea is the punishment listed in the Table of Maximum Punishments for the offense of breach of the peace: confinement at hard labor for 6 months, forfeiture of two-thirds pay per month for 6 months and reduction to the lowest enlisted pay grade.

The findings of guilty and, upon reassessment, so much of the sentence as approved on review below as provides for confinement at hard labor for 3 months and forfeiture of $240 per month for 2 months are affirmed.

Senior Judge NEWTON and Judge CRANDELL concur.