**UNITED STATES**

**v.**

**Senior Airman Steven A. TYLER, FR 306–64–8182 United States Air Force.**

**ACM 26407.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 9 July 1987.

Decided 25 May 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major Frank J. Spinner.

Appellate Counsel for the United States: Colonel Robert E. Giovagnoni and Major Carole W. Hanson.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The appellant was convicted of various drug offenses involving cocaine and marijuana. The thrust of his appeal centers mainly around the testimony of Sergeant Mark C. Baker, a government informant and admitted drug abuser, who began assisting law enforcement agents after his liquor purchasing scam was uncovered.

Baker testified he was having financial problems and to ease them he would buy liquor on a credit card at the base package store and later sell it to military and civilian acquaintances at a fraction of the original cost. While the scheme provided an immediate cash flow, the down stream effect was a sizable credit card debt. His activities came to the attention of civilian authorities who suspected him of bootlegging. During the course of this investigation, Baker identified the appellant as an individual who used and distributed drugs and agreed to make controlled buys from him. These occurred on 21 January and on 2 and 6 February 1987, with Baker releasing to military authorities the drugs allegedly sold him by the appellant. Baker also testified he saw the appellant use cocaine and marijuana during this same time frame.

During cross-examination, Baker was questioned at length on his financial problems and his poor management of them. It was during this questioning that Baker de-nied an accusation by the trial defense counsel that he had submitted a false claim for the theft of a VCR taken from his automobile. Defense counsel then offered the testimony of Airman First Class Gerald L. Harrington that Baker had told him in the spring of 1987, that he [Baker] had submitted a false insurance claim for a VCR he had earlier purchased.

Trial defense counsel claimed he was not attempting to introduce extrinsic evidence of prior bad acts, which is prohibited by Mil.R.Evid. 608(b), but was attempting to establish, through extrinsic evidence, a prior inconsistent statement of the witness, which was admissible under Mil.R.Evid. 613(b). The military judge declined to admit Harrington's testimony indicating such extrinsic evidence "has a very limited collateral connection with this case [and] ... was minimally probative of truthfulness."

Appellate defense counsel argue that attacking Baker's credibility through the use of a prior inconsistent statement was "a perfectly legitimate method of impeachment" which was improperly curtailed by the trial judge.

The normal rule of impeachment is that a witness may not be contradicted by extrinsic evidence on a *collateral matter*. *United States v. Banker*, 15 M.J. 207 (C.M.A.1983). The reason for this rule is that the introduction of extrinsic evidence would cause confusion and tend to distract the court-members. The subject that trial defense counsel wished to pursue did not have a direct bearing upon the guilt or innocence of the appellant, i.e., the possession, use and distribution of drugs, but was a collateral matter having only peripheral application. *See United States v. Dodson*, 16 M.J. 921 (N.M.C.M.R.1983). Further, it had nothing to do with "bias, prejudice, or ... [a] motive to misrepresent" on the part of Baker. Mil.R.Evid. 608(c); *United States v. Burns*, 25 M.J. 817 (A.F.C.M.R. 1988). The extent of impeachment of a witness is within the trial judge's discretion and his ruling in this regard will be reversed only when he abuses that discretion. *United States v. Morales–Quinones*, 812

F.2d 604 (10th Cir.1987); *United States v. Carr*, 584 F.2d 612 (2d Cir.1978). We find no abuse of discretion in the trial judge's ruling.

■ Throughout the trial the appellant contended that Baker's testimony was unbelievable and lacking in credibility. Accordingly, early in the prosecution's case-in-chief, trial defense counsel sought to elicit from the special agent who was handling the case, that Baker had refused to submit to a polygraph test. The prosecution objected to this disclosure and both sides made offers of proof concerning the circumstances surrounding this refusal. *See United States v. Barbeau*, 9 M.J. 569 (A.F. C.M.R.1980). From the offers of proof it appears that Baker was involved in two polygraph tests—in January 1987, which he took and passed, and one on 10 March 1987, to which he refused to submit. It was the second offered test that trial defense counsel wished to explore.

The prosecution argued that the refusal of a witness to take a polygraph test was irrelevant, but if one test was discussed, then both should be. Trial defense counsel maintained that Baker's refusal to cooperate by taking a polygraph test was "relevant evidence as to his truthfulness." The trial judge considered the subject to be a "mine field," and precluded inquiry by either side in the area.

Less than a week after this trial was completed, the Court of Military Appeals held that the *results* of a polygraph examination are not inadmissible in a court-martial as a matter of law if certain foundational predicates are met. *United States v. Gipson*, 24 M.J. 246 (C.M.A.1987). In the opinion's penultimate paragraph, Judge Cox stated:

> [W]e do not suggest that all *polygraph evidence* is admissible or that this particular evidence should have been admitted. Appellant still bears the burden of establishing the foundational predicates outlined above. Our holding here is only that the appellant was entitled to attempt to lay that foundation. (Emphasis added).

While the *Gipson* case broke new ground as to the admissibility of the results of a polygraph examination, the case itself was decided on procedural grounds.

The facts in *Gipson* and those at bar are completely different. In *Gipson*, the appellant attempted to introduce the *results* of a polygraph which indicated he was truthful in denying the commission of the charged offenses. Such testimony would have a direct bearing on his guilt or innocence. Here, the proffered evidence was that a crucial government witness had refused, on one occasion, to submit to a polygraph examination. Such evidence had no direct relationship to the appellant's guilt, but was a fringe issue at best.

Mil.R.Evid. 402, like its federal counterpart, states: "All relevant evidence is admissible." Mil.R.Evid. 401 indicates that evidence is relevant if it has "any tendency" to make an issue in the case "more or less probable" than it would have been without the evidence. *See United States v. Johnson*, 20 M.J. 610 (A.F.C.M.R.1985).

In our view the refusal of a witness to take a polygraph examination does not tend to make it more probable or less probable that he is telling the truth. There can be many reasons entirely consistent with truthfulness as to why a witness may not wish to submit to an examination with the aid of a "lie detector." *See United States v. Cloyd*, 25 C.M.R. 908 (A.F.B.R.1958) (Error for police officer to testify that prosecution witness had submitted to a lie detector examination but that the accused refused to do so.) There is substantial case law that the government cannot bolster the credibility of a prosecution witness by establishing that the individual had undergone a polygraph examination or was willing to. *United States v. Dolan*, 17 U.S.C. M.A. 476, 38 C.M.R. 274 (1968); *United States v. Hilton*, 772 F.2d 783 (11th Cir. 1985); *United States v. Smith*, 565 F.2d 292 (4th Cir.1977); *State ex rel. Fields v. Maggio*, 368 So.2d 1016 (La.1979). It is only logical that an accused should not be allowed to challenge a witness's credibility by establishing a refusal to undergo a "lie detector test." Such a circumstance has

the clear potential to divert the fact-finders into an area not directly related to the issue of guilty or innocence.

Therefore, we hold that neither the willingness nor the unwillingness of a witness to take a polygraph test is admissible. Such evidence is not probative of the witness's truthfulness. *United States v. Ferris*, 719 F.2d 1405 (9th Cir.1983); *People v. Paul*, 78 Cal.App.3d 32, 144 Cal.Rptr. 431 (1978); *People v. Thornton*, 11 Cal.3d 738, 114 Cal.Rptr. 467, 523 P.2d 267 (1974); *See also United States v. Soundingsides*, 820 F.2d 1232 (10th Cir.1987). The trial judge correctly excluded any reference to the refusal of the witness to take a polygraph test.

Finally, the appellant contends there is insufficient evidence to convict him of possessing cocaine between 20 January–5 February 1987 (Specification 9 of Charge II). We agree. The evidence on this allegation was provided by Airman First Class Earleen Brown, a next door neighbor and former paramour of the appellant. Brown testified that while she was in the appellant's house, she "found a mirror with some powder on it." The substance was "white" and "shaped in a line about an inch and a half to two inches long." At the time she had no idea what the substance was. Later, a law enforcement agent showed her a substance he represented to be cocaine. Brown thought the two white powders "were kind of similar," but "what [the agent] showed [her] had chunks in it and what [she] saw [at the appellant's house] didn't." With the evidence in this state, we are not convinced beyond a reasonable doubt as to the appellant's guilt on this allegation. Accordingly, Specification 9 of Charge II is dismissed. Article 66(c), U.C.M.J., 10 U.S.C.A. § 866(c).

The action just taken requires that we reassess the sentence. Upon doing so, we find the sentence to be entirely appropriate in light of the affirmed guilty findings and the appellant's disciplinary history which includes a prior conviction for trafficking in drugs. We are convinced that the adjudged sentence is appropriate in relation to the affirmed guilty findings and is no greater than that which would have been imposed if the prejudicial error had not been committed. *United States v. Sales*, 22 M.J. 305 (C.M.A.1986). The findings of guilty, as modified, and the sentence are

AFFIRMED.

Senior Judge FORAY and Judge HOLTE concur.