**UNITED STATES**

v.

**Master Sergeant Richard A. BAHR, FR 383–54–9534, United States Air Force.**

**ACM 28274.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 6 Dec. 1989.

Decided 12 Oct. 1990.

Appellate Counsel for the Appellant: Captain Michael D. Burt (argued) and Colonel Richard F. O'Hair (on brief).

---

**6.** Our finding that the sentence is appropriate is unaffected by our slight modification of the findings.

Appellate Counsel for the United States: Captain Leonard R. Rippey (argued); Colonel Robert E. Giovagnoni and Major Paul H. Blackwell, Jr. (on brief).

Before LEONARD, RIVES and MURDOCK, Appellate Military Judges.

## DECISION

RIVES, Judge:

During cross-examination, the prosecution's essential witness denied a point that the defense believed would show a motive to misrepresent. The military judge sustained trial counsel's objection when the defense tried to impeach the answer with extrinsic evidence. That ruling was wrong—but it did not prejudice the appellant, because of the nature and amount of impeachment matters that were admitted in this case.

Contrary to his pleas, Master Sergeant Richard Bahr was convicted of committing indecent acts with his daughter from about 15 September 1986 to about 18 April 1989, in violation of Article 134, UCMJ, 10 U.S.C. § 934. The convening authority approved the sentence adjudged by a general court-martial composed of officer members: a bad conduct discharge, 30 months confinement and reduction to sergeant.

Bahr asserts on appeal that the trial judge erred in the following manner: (1) refusing to admit extracts from the diary of the 14–year–old victim; and (2) limiting the defense counsel's cross-examination of the girl. The appellant urges that those rulings of the military judge prejudicially restricted his ability to impeach the key prosecution witness.

During the initial Article 39(a) session, the defense sought to introduce extracts from the victim's diary as well as certain letters that she had written. Citing Mil.R. Evid. 608(c), the defense counsel argued that these items would show the victim's motive to misrepresent. He intended to have the members read the documents, rather than cross-examine the victim on their contents. The trial counsel objected to this material on the basis that it was irrelevant, was hearsay not within a recognized exception, and it encompassed every evil enumerated in Mil.R.Evid. 403.* The military judge sustained the objection, stating that the defense had failed to make a showing of either relevance or admissibility.

Cross-examination of the victim was interrupted for an Article 39(a) session when the defense sought permission to ask questions about specific instances of misconduct. The defense urged that such specific instances were probative as to the victim's character for truthfulness. While the trial judge ruled that certain items were proper subjects of cross-examination, he sustained the trial counsel's objections to most of the proposed questions on the basis that they were irrelevant.

■ Of particular note, the victim denied on cross-examination that she hated her mother, or that she wanted to get out of her home for that reason. The defense had possession of her diary, wherein she had devoted numerous, lengthy passages to her dislike of her mother and her desire to leave home. The defense tried to enter the diary into evidence in order to impeach her testimony on this point, but the judge did not allow them to do so.

■ Evidence of "[b]ias, prejudice, or any [other] motive to misrepresent may be shown to impeach" a witness through examination "or by evidence otherwise adduced." Mil.R.Evid. 608(c). Extrinsic evidence is a valid method of impeachment under this rule. *United States v. Hunter*, 21 M.J. 240, 242 (C.M.A.1986). The military judge erred by not permitting the defense to cross examine the girl concerning the diary entries, which were directly related to the defense theory of the case.

In a trial involving charges of indecent acts, the factual issues are frequently re-

---

* Military Rule of Evidence 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the members, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

duced to one-on-one confrontations, as there are rarely witnesses to this type of offense. *See United States v. Hanson*, 30 M.J. 1198, 1202 (A.F.C.M.R.1990). The credibility of the victim was thus the paramount issue in this case. It is essential that trial defense counsel be given great latitude in cross-examination. However, bounds do exist. In this case, for example, much of the evidence proferred by the defense was properly excluded as being "cumulative" and "a waste of time" under Mil.R.Evid. 403. *United States v. Tyler*, 26 M.J. 680, 681 (A.F.C.M.R.1988); *affirmed*, 28 M.J. 253 (C.M.A.1989); *cert. denied*, —— U.S. ——, 110 S.Ct. 62, 107 L.Ed.2d 29 (1989).

 Although the military judge erred by not permitting the defense to impeach the victim with her diary, we find that the defense counsel was otherwise given sufficient latitude to place the victim's credibility squarely into question. Her testimony was attacked at length, through cross-examination and other means. In their case-in-chief, the defense called five witnesses to state their opinions that the victim was a liar. Bahr himself testified, denying the charges while accusing his daughter of lying. He also advanced the theory that she was motivated to lie because she hated her mother. The theme that the victim had lied was forcefully argued in the defense summation to the members.

The defense attack on the victim's credibility was thus well framed. We are satisfied that the military judge provided sufficient opportunity in his overall evidentiary rulings to enable the defense to present its theory of the case fairly and completely. As a general proposition, the scope of impeachment (and cross-examination) is a matter within the discretion of the trial judge. *United States v. Rodriguez*, 28 M.J. 1016 (A.F.C.M.R.1989). Although we have determined that error was committed concerning the diary, we find that the ruling that erroneously excluded that extrinsic evidence did not materially prejudice the substantial rights of the appellant. Article 59(a), UCMJ, 10 U.S.C. § 859(a); *United States v. Banker*, 15 M.J. 207, 212 (C.M.A.

1983). We conclude that the findings of guilty are correct in law and fact. Article 66(c), UCMJ, 10 U.S.C. § 866(c).

 Bahr also complains that his sentence is unduly severe. We are satisfied that the approved sentence is appropriate, giving due consideration to this offender and to the offense for which he was convicted, noting that the criminal conduct occurred over a period of about two and a half years. *United States v. Healy*, 26 M.J. 394 (C.M.A.1988); *United States v. Wingart*, 27 M.J. 128 (C.M.A.1988); *United States v. Ciulla*, 29 M.J. 868 (A.F.C.M.R. 1989).

The findings of guilty and the sentence are

AFFIRMED.

Senior Judges LEONARD and MURDOCK concur.