UNITED STATES, Appellant,

v.

Beverly J. HART, Captain U.S. Air Force, Appellee.

No. 65,084.
ACM 28178.

U.S. Court of Military Appeals.

Argued Dec. 19, 1990.

Decided Feb. 12, 1991.

For the Accused: *Major Ronald G. Morgan* (argued).

For the United States: *Captain Thomas E. Wand* (argued); *Major Brenda J. Hollis* and *Lieutenant Colonel Barret E. Kean,* USAFR (on brief).

*Opinion of the Court*

EVERETT, Senior Judge:

A general court-martial convened at Plattsburgh Air Force Base, New York, tried Captain Beverly J. Hart on charges of aggravated assault, housebreaking, and conduct unbecoming an officer, in violation of Articles 128, 130, and 133, Uniform Code of Military Justice, 10 USC §§ 928, 930, and 933, respectively. The first two charges were dismissed on defense motion because of multiplicity with the Charge of unbecoming conduct.[1] As to that Charge, the accused, who had pleaded not guilty, was found guilty by exceptions. Her sentence to dismissal, as well as confinement and forfeiture of $1,000.00 pay per month for 6 months, was approved by the convening authority but was set aside by the Court of Military Review—30 MJ 1176 (1990)—which concluded that the military judge had given an erroneous instruction as to the maximum imposable confinement.

Thereafter, the Judge Advocate General of the Air Force certified this issue to this Court:

WHETHER THE AIR FORCE COURT OF MILITARY REVIEW ERRED AS A MATTER OF LAW WHEN IT DECIDED THE MAXIMUM CONFINEMENT OF A DUPLICITOUSLY CHARGED OFFENSE WAS DETERMINED BY THE LESSER CHARGED OFFENSE, RATH-

---

1. The latter alleged that the accused "wrongfully and dishonorably enter[ed the victim's] dwelling ..., and while therein, did wrongfully and dishonorably strike" the victim "about the face, neck and shoulders, and during this confrontation, did wrongfully and dishonorably use indecent language...."

ER THAN THE GREATER CHARGED OFFENSE.

## I

The accused became convinced that her husband, Captain Anthony Hart, was having an affair with Staff Sergeant Floyd. As a result, she went to Sergeant Floyd's house, entered through a closed screen door, attacked the noncommissioned officer, and caused considerable injury. The members found the accused guilty of unbecoming conduct in that she had unlawfully entered the victim's house and had committed an assault.[2]

In determining the maximum punishment imposable for this offense, the military judge concluded that the maximum punishment should be that authorized for housebreaking, because that was "the most analogous offense" to the unbecoming conduct of which Captain Hart had been convicted. *See* para. 59e, Part IV, Manual for Courts–Martial, United States, 1984. On this premise, the judge instructed the court members that a sentence including 5 years' confinement could be imposed. Para. 56e, Part IV, Manual, *supra.* Defense counsel, on the other hand, had unsuccessfully contended that the maximum confinement imposable was that authorized for the assault and battery that had, *inter alia,* been alleged here. Para. 54e(2), Part IV, Manual, *supra.*

The Court of Military Review—after noting that "[t]his is a case of first impression on sentencing under Article 133" (30 MJ at 1176)—concluded that the gravamen of the accused's unbecoming conduct was an assault and battery. *Id.* at 1178. In this instance, it was only an assault and battery because aggravating circumstances had not been alleged by the drafters. Thus, the maximum confinement authorized was only 6 months—rather than the 5 years imposable for housebreaking. The Court of Military Review could not "rest assured that the" maximum stated by the military judge

had not influenced the court members in their deliberations on sentence. Therefore, it decided to order a rehearing on sentence. 30 MJ at 1179.

## II

### A

The Manual for Courts–Martial, United States, 1969 (Revised edition), provided that,

[i]f an offense not listed in the [T]able [of Maximum Punishments] is included in an offense which is listed and is also closely related to some other listed offense, the *lesser* punishment prescribed for either the included or closely related offense will prevail as the maximum limit of punishment. *However, if the offense is closely related to more than one listed offense, the maximum punishment for the most closely related offense shall be used in making this determination.*

Para. 127c (1) (emphasis added). According to the Analysis of this Manual provision, the emphasized language above was based on *United States v. Alexander,* 3 USCMA 346, 349–50, 12 CMR 102, 105–06 (1953). *See* DA Pam 27–2, Analysis of Contents, Manual for Courts–Martial, United States, 1969, Revised Edition at 25–7 (July 1970).

The 1984 Manual, *supra,* provides that, in an officer case, the maximum punishment for an offense not listed specifically in the maximum punishment subparagraph shall be [d]ismissal, forfeiture of all pay and allowances, and confinement for a period not in excess of that authorized for *the most analogous offense* for which a punishment is prescribed in this Manual, or, if none is prescribed, for 1 year.

Para. 59e, Part IV (emphasis added). Since the reference is to "the most analogous offense," rather than "the most analogous offenses," it is impermissible to aggregate the maximum punishments if several crimes are included within a specification

---

2. The members acquitted the accused of other allegations of unbecoming conduct by using indecent language on this occasion.

alleging unbecoming conduct. Instead, some choice must be made among included offenses.

■ The problem arises in this case because the Article 133 specification included allegations of assault and battery; housebreaking; and indecent language.[3] The Court of Military Review concluded that, under the circumstances revealed by the evidence, assault and battery was "the most analogous offense" to the unbecoming conduct of which Captain Hart was convicted. 30 MJ at 1178. Since the allegations of unbecoming conduct failed to allege that the assault and battery was aggravated, the maximum confinement imposable for this "most analogous offense" was only 6 months.[4] Therefore, the court did not concern itself with the maximum punishment authorized for the unlawful entry, since it was the same. Para. 111e, Part IV, 1984 Manual, *supra*.

When the Judge Advocate General of the Air Force certified the issue to this Court, the Government apparently was under the impression that the allegations of unbecoming conduct which concerned Captain Hart's entry into her victim's home sufficed to charge housebreaking, for which 5 years' confinement is the maximum confinement authorized by the Manual. Thus, the certified question was intended to inquire whether the Court of Military Review had erred in choosing 6 months as the maximum confinement imposable by the court-martial instead of 5 years.

■ During oral argument, however, the Court noted that the specification of unbecoming conduct alleged unlawful entry but made no reference to the accused's intent at the time of the entry. Under Article 130, unlawful entry with a specific intent to commit an offense is required for housebreaking. Absent such allegations of specific intent, the maximum confinement authorized for unlawful entry is only 6

months. *Compare* para. 56b, Part IV *with* para. 111b, Part IV, 1984 Manual, *supra*.

Therefore, the decision by the court below is moot as to whether unlawful entry, on the one hand, or assault and battery, on the other, was "the most analogous offense" to the unbecoming conduct. Neither offense authorized more than 6 months' confinement; so, whichever was "the most analogous," the military judge erred in instructing that 5 years' confinement was authorized as punishment for the conduct unbecoming an officer.

### B

According to the Manual, assault consummated by a battery and unlawful entry authorize the same maximum punishments —namely, a bad-conduct discharge, 6 months' confinement, and total forfeitures. Paras. 54e and 111e, Part IV, 1984 Manual, *supra*. Therefore, the certified issue is inapplicable to the facts of this case because there was no "lesser charged offense" or "greater charged offense." If, however, one had permitted a greater punishment than the other, the certified question would be relevant.

The Government contends that, in determining "the most analogous offense" to unbecoming conduct, the military judge should look to the included offense which authorizes the greatest punishment. Otherwise, the maximum punishment imposable on an accused might be increased when the factfinder excepted some of the allegations of unbecoming conduct.

By way of example, if the specification of unbecoming conduct in this case had properly alleged housebreaking—which authorizes 5 years' confinement—and assault and battery—which authorizes only 6 months—and if the assault and battery were considered "the most analogous offense" for purposes of paragraph 59e, Cap-

---

3. Since all three offenses alleged as unbecoming conduct arose out of a single transaction, they were properly grouped in a single specification. *See United States v. Wales,* 31 MJ 301 (CMA 1990).

4. Ironically, one of the charges dismissed for multiplicity was aggravated assault, for which 5 years' confinement would have been imposable as punishment.

tain Hart would be subject to only 6 months' confinement if she were convicted under this specification—but would be subject to 5 years' confinement if, by exceptions, she were convicted only of the housebreaking.

Certainly this illogical result could not have been intended by the drafters of the Manual. Moreover, it would lead to charges of unbecoming conduct with many specifications arising out of the same transaction and with the concomitant issues as to whether the specifications should be consolidated.[5] In the end, under such circumstances, the maximum sentence—even after considering claims of multiplicity—would be that which would be imposable

for "the most analogous offense" carrying the greatest maximum. We agree with the Government that the same result should obtain where, as here, all unbecoming conduct is alleged in one specification.

### III

The decision of the United States Air Force Court of Military Review ordering a rehearing on sentence is affirmed. The record of trial is returned to the Judge Advocate General of the Air Force for compliance with that decision.

Chief Judge SULLIVAN and Judge COX concur.

---

5. *United States v. Wales, supra* at 302 n.2. The problems that arise when a drafter alleges as unbecoming conduct acts of an officer which would clearly violate a specific punitive article provide a basis for the suggestion that, under such circumstances, the officer should be charged under specific punitive articles, rather than under Article 133, or Article 134, Uniform Code of Military Justice, 10 USC § 934. *See United States v. Timberlake*, 18 MJ 371, 377 (CMA 1984) (Everett, C.J., concurring).