UNITED STATES

v.

**Captain Gregory D. GOOSBY, 424–82–0211, United States Air Force.**

**ACM 29191.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 16 Jan. 1992.

Decided 29 Oct. 1992.

Appellate Counsel for the Appellant:
Colonel Jeffrey R. Owens and Captain
Richard W. Aldrich.

1. Article 15, UCMJ; 10 U.S.C. § 815.

Appellate Counsel for the United States:
Lieutenant Colonel Brenda J. Hollis and
Captain Thomas E. Wand.

Before LEONARD, JAMES, and
JOHNSON, Appellate Military Judges.

## OPINION OF THE COURT

JOHNSON, Judge:

Consistent with his pleas, a general court-martial found Captain Goosby guilty of violating a restriction imposed upon him as nonjudicial punishment.[1] The members sentenced him to dismissal and confinement for 1 month. Appellant raises several issues before us, none of which warrants relief. We affirm.

At the time of the charged offense, appellant was an air weapons controller with 11 years service. He was one of 56 U.S. military members assigned in North Bay, Ontario, Canada, at Headquarters, Canadian NORAD Region. On 24 July 1990 his commander punished him under Article 15, UCMJ, by reprimanding him and restricting him to the limits of the city of North Bay, Ontario, for 60 days. Over the Labor Day weekend, personnel of appellant's unit attempted to contact him and learned that he had gone to visit his fiance in Rome, New York, which is an 8 or 9 hour drive from North Bay. Upon his return, appellant admitted that he had broken restriction.

## CONDUCT UNBECOMING AN OFFICER AND A GENTLEMAN

Appellant was convicted of "conduct unbecoming an officer and a gentleman" under Article 133, UCMJ, 10 U.S.C. § 933. Appellant argues that this conviction should be set aside and he should be found guilty only of a lesser included offense under Article 134, 10 U.S.C.A. § 934, because the offense charged fails to constitute a violation of Article 133. Conduct by a commissioned officer that violates any punitive article of the UCMJ may be charged under Article 133, "provided these

acts amount to conduct unbecoming an officer and a gentleman." MCM, Part IV, paragraph 59c(2) (1984). When the charged offense is the same as a specific offense under another article, the maximum punishment is dismissal, forfeiture of all pay and allowances, and confinement for the period authorized for the specific offense. *See generally United States v. Hart*, 30 M.J. 1176 (A.F.C.M.R.1990), *aff'd*, 32 M.J. 101 (C.M.A.1991). Breaking restriction is a specific offense under Article 134, UCMJ, for which the maximum punishment is confinement for 1 month and forfeiture of two-thirds pay per month for 1 month.[2] Because appellant was charged under Article 133 rather than under Article 134, the maximum sentence included dismissal and total forfeitures.

Appellant's argument rests on the proposition that breaking restriction is not "conduct unbecoming an officer and a gentleman." He argues in essence that breaking restriction is too minor an offense to personally disgrace the offender or to bring disrepute upon the military profession.[3]

We disagree. Appellant willfully disobeyed his commander's restriction order. That was fundamentally inconsistent with an officer's position of special trust and responsibility. His offense was aggravated because the order violated was directed to him individually and was issued as part of a disciplinary action taken to correct appellant's past misbehavior. Appellant's defiance of this lawful order disgraced himself and tended to undermine confidence in the officer corps. We also note that at trial appellant joined in a stipulation of fact stating in part, "Under the case's circumstances, the accused's breaking of restriction constitutes conduct unbecoming an officer and a gentleman." In his sworn statement during his guilty plea inquiry, appellant again agreed that under these circumstances his breaking restriction constituted conduct unbecoming an officer and a gentleman. Both these statements were

conclusory in nature, but they indicate the issue was specifically addressed at trial, and nothing inconsistent with appellant's pleas, stipulation, or sworn statement was raised. In the circumstances of this case, we find the accused's offense constituted conduct unbecoming an officer and a gentleman, punishable under Article 133.

■ Appellant next argues his conviction under Article 133 should be set aside because Article 133 is unconstitutionally vague, and fails to give the notice required by due process of law that his conduct could be punished under that article. The Supreme Court considered a similar argument in *Parker v. Levy*, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974), in which an Army captain argued that Article 133 was too vague to permit his conviction for making disloyal statements. The Court held that Article 133 was not unconstitutionally vague, in part because it had been construed in the Manual for Courts–Martial and by the military appellate courts in a manner that narrowed the broad reach of its literal language. In short, Captain Levy could have had no reasonable doubt his conduct was unbecoming an officer and a gentleman. The Court also stated that because of the differences between the military and civilian society, Congress may "legislate with greater breadth and with greater flexibility" for the military. *Id.* at 756, 94 S.Ct. at 2561.

In *United States v. Rodriguez*, 18 M.J. 363 (C.M.A.1984), the Court of Military Appeals considered the case of an Air Force lieutenant charged with marijuana offenses and indecent acts under both Article 133 and Article 134. The Court held the same acts could violate both articles, but convictions for both would be multiplicious. The guilty findings under Article 134, the lesser offense, were dismissed. The same result was reached in *United States v. Timberlake*, 18 M.J. 371 (C.M.A.1984), in which

---

**2.** MCM, Part IV, paragraph 102e (1984).

**3.** This description of "conduct unbecoming an officer and a gentleman" was advanced in Colonel Winthrop's treatise, *Military Law and Precedents*, 2d ed., 1920 reprint, 711–12, and was

quoted with approval in *Parker v. Levy*, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974), and in *United States v. Howe*, 17 U.S.C.M.A. 165, 37 C.M.R. 429, 441–42 (1967).

another Air Force lieutenant was found guilty of both forgery under Article 123(2), 10 U.S.C. § 923(2) and conduct unbecoming an officer under Article 133, and in *United States v. Johanns*, 20 M.J. 155 (C.M.A. 1985), *cert. denied*, 474 U.S. 850, 106 S.Ct. 147, 88 L.Ed.2d 122 (1985), in which an Air Force captain was convicted of both adultery under Article 134 and conduct unbecoming an officer under Article 133.

Appellant does not argue he lacked notice that his actions in breaking restriction were punishable under the UCMJ. He argues instead he had no notice his actions were punishable under Article 133. There is no constitutional or other requirement that a military accused understand all the various ways his offense can be charged. It is sufficient that he has reasonable notice that his conduct is punishable under the UCMJ. In this case, appellant was an officer with 11 years of service. There is no question that he knew he was subject to discipline under the UCMJ for breaking restriction. The possibility he may not have correctly predicted the specific UCMJ article under which he would be charged is of no legal significance.

## PROVIDENCY OF GUILTY PLEA

In a submission to the convening authority styled "Clemency Petition," appellant raises two issues concerning sufficiency of the evidence.[4] In reviewing these issues we need to keep in mind that appellant pleaded guilty to breaking restriction; his pleas relieved the government from any obligation to prove the offense and waived any factual defense appellant might have raised. R.C.M. 910(c); *United States v. Bartell*, 32 M.J. 295 (C.M.A.1991). Before accepting appellant's guilty plea, the military judge conducted a thorough inquiry into the factual basis of the plea and advised appellant carefully on the consequences of pleading guilty. Since these issues were not mentioned at trial, the military judge had no notice that any further inquiry into the providency of appellant's plea was warranted under R.C.M. 910(h)(2).

The Courts of Military Review are generally limited to consideration of the evidence presented at trial. *United States v. Armstrong*, 9 M.J. 374 (C.M.A.1980), *United States v. Bethea*, 22 U.S.C.M.A. 223, 46 C.M.R. 223 (1973). The Courts of Military Review are charged by Article 66, UCMJ, 10 U.S.C. § 866, with examining the factual and legal sufficiency of the findings and sentence before them, but they are not ordinarily charged with taking new evidence.

■ The exceptions threaten to swallow this rule. Without attempting to recite all of the exceptions recognized to date, suffice it to say that statements made by convicted persons in submissions to the convening authority that are substantially inconsistent with a guilty plea may warrant post trial inquiry into the providency of the plea. *United States v. Chancelor*, 16 U.S.C.M.A. 297, 36 C.M.R. 453 (1966). We have carefully examined the two issues raised in appellant's submissions to the convening authority with a view to their effect on the providency of his plea, and we find there is no significant inconsistency.

■ Appellant argues first that his restriction was suspended, and thus no longer in effect, before he broke it on 30 August 1990. Appellant's commander allowed him to travel from North Bay, Ontario, to Rome, New York, from 22 to 24 August 1990 to consult with an attorney. Appellant argues that once the commander suspended the restriction, he had no authority to reimpose it again. This argument is apparently based on the traditional concept of conditional suspension of punishment as discussed in MCM, Part V, paragraph 6a (1984), and in the implementing Air Force regulation.[5] If the commander had suspended the remainder of appellant's

---

4. These issues were properly summarized and presented to this Court by appellate defense counsel pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982); *see also United States v. Gunter*, 34 M.J. 181 (C.M.A.1992); *United States v. Bell*, 34 M.J. 937 (A.F.C.M.R.1992).

5. Air Force Regulation 111-9, paragraphs 9 and 10, Nonjudicial Punishment under Article 15, Uniform Code of Military Justice (16 July 1990).

restriction indefinitely, contingent on good behavior by appellant or some other condition, the commander would have given up his authority to vacate the suspension unless the stated contingency occurred. It is clear from the correspondence in the record, however, that what the commander did, at appellant's request, was to interrupt the restriction for 3 days, at the end of which the restriction automatically resumed. We hold this action was within the commander's inherent authority. We also note appellant implicitly recognized its validity when he submitted his letter of apology upon his return to his unit. It might have eliminated a possible source of confusion to have used a term other than suspension, but the precise terminology used is of no legal consequence.

Appellant next argues that an August 1987 nonjudicial punishment action imposed on him for adultery violated his rights under Article 31, UCMJ, 10 U.S.C. § 831. The commander's notes of an interview with appellant concerning reports that appellant had committed adultery clearly indicate that no Article 31 warnings were given. They also indicate, however, that appellant made no incriminating statements in the course of the interview. The incident therefore has no effect on the legal sufficiency of the nonjudicial punishment action, which was based on other untainted evidence. More importantly, that nonjudicial punishment action was wholly unrelated to appellant's plea of guilty to breaking restriction. The restriction he broke was imposed by a later unrelated nonjudicial punishment action for dishonorable failure to pay a just debt. The only relevance of this prior disciplinary action in appellant's trial was for sentencing purposes. Nothing in either of these issues warrants any further inquiry into the providency of his guilty plea.

## ASSISTANCE OF COUNSEL

■ Appellant asserts he was denied the effective assistance of counsel at trial because he was denied adequate time to consult with his counsel, and his counsel had inadequate time to prepare for trial. Appellant also asserts he had inadequate time to obtain witnesses on his behalf or to secure civilian counsel. None of these concerns were raised at trial. The military judge advised appellant in detail concerning his rights to counsel, after which appellant stated he wished to be represented by his detailed defense counsel. During the guilty plea inquiry, appellant stated he was satisfied with the advice his counsel had given him. No request for continuance was made. Appellant makes no specific complaint about any act or omission by his counsel. In these circumstances, appellant has not raised any issue of ineffective assistance of counsel for which relief is appropriate. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *reh'g denied,* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984); *United States v. Scott,* 24 M.J. 186 (C.M.A.1987).

## SENTENCE

■ The sole remaining issue is the appropriateness of the sentence. Appellant argues his sentence to dismissal is inappropriately severe, considering his long record of excellent service and the minor nature of his offense. A dismissal may be imposed only on officers, and is essentially equivalent to a dishonorable discharge for enlisted personnel. It may disqualify its recipient for certain veterans benefits, and it carries a stigma that may interfere with employment or acceptance by some educational institutions.

Appellant is correct when he argues a punitive discharge would not ordinarily be imposed for a relatively minor offense such as breaking restriction. The members were instructed properly, however, that in arriving at an appropriate sentence they should consider appellant's prior service, including his disciplinary record. Appellant received two nonjudicial punishment actions during his approximately 3 years at North Bay, for adultery and dishonorable failure to pay a just debt to the Canadian government. The restriction he broke was imposed by the second of these disciplinary actions. Dismissal is an authorized punish-

ment for appellant's offense, and in the circumstances of this case we are not persuaded that it is inappropriate.

We have examined the findings, and we find them to be legally and factually correct. We have given individualized consideration to the appropriateness of the sentence, weighing the nature and seriousness of the offense, the character and military performance of appellant, and all the circumstances documented in the record of trial. *United States v. Snelling*, 14 M.J. 267 (C.M.A.1982). We find that the sentence as adjudged and approved is not inappropriate.

Accordingly, the approved findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Senior Judge LEONARD concurs.

Judge JAMES did not participate.